# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ANTHONY MONEYHAM, | : | No. 3:16cv1172 |
| --- | --- | --- |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Saporito) |
| UNITED STATES, | : | |
| Defendant | : | |

## MEMORANDUM

Before the court for disposition is Magistrate Judge Joseph M. Saporito's report and recommendation (hereinafter "R&R") which proposes granting in part and denying in part the defendant's motion to dismiss or, in the alternative, motion for summary judgment. (Doc. 31). Plaintiff Anthony Moneyham (hereinafter "plaintiff"), a federal prisoner incarcerated at United States Penitentiary Lewisburg, filed the instant lawsuit against the United States alleging that he was assaulted and battered on multiple occasions by prison officials, was subsequently placed in excessively tight restraints that caused injury to his body, and did not receive appropriate medical attention. For the following reasons, we will adopt Magistrate Judge Saporito's R&R.

**Background**

Plaintiff, a *pro se* inmate, initiated this action on June 17, 2016. (Doc. 1, Compl.). In his complaint, plaintiff appears to assert six tort claims against the

United States for alleged misconduct by Bureau of Prisons (hereinafter "BOP") employees: (1) assault and battery by EMT Potter, Officer Anderson, Lt. Scott, and Lt. Seeba that occurred on November 20, 2014 at plaintiff's cell door when, while plaintiff was having his blood drawn, these defendants grabbed his hand, pulled his hand, and beat his arm with a baton; (2) denial of immediate medical care for injuries plaintiff suffered during this incident, specifically "knots and cuts over [his] forearm and blood running down;" (3) assault and battery by Officer Arnold, Officer Missigman, and an unidentified officer that occurred two hours after plaintiff was placed in restraints during which time plaintiff was punched and kicked; (4) assault and battery by Lt. Seeba, Officer Sullivan, another unidentified officer, and EMT Barth that occurred during a second restraint check two hours later when Lt. Seeba punched plaintiff in the chest while an unidentified officer, Officer Sullivan, and EMT Barth beat him on his back; (5) the application of excessively tight restraints over a twenty-seven hour period, during which time members of the medical staff failed to order correctional officers to loosen the restraints despite plaintiff's discomfort; and (6) the denial of medical care over a thirteen day period, between November 20, 2014 and December 3, 2014, for injuries plaintiff suffered as a result of excessively tight restraints. (Id.)[1]

---

[1] We make no determination at this point as to the veracity of the complaint's allegations.

On October 11, 2016, the defendant filed a motion to dismiss, or in the alternative, a motion for summary judgment. (Doc. 22). Defendant argues that plaintiff failed to establish his claims on the record. (Id. at 11). On November 14, 2017, plaintiff filed a brief in opposition to defendant's motion. (Doc. 24). Defendant replied on January 3, 2017. (Doc. 29).

Magistrate Judge Saporito reviewed the parties' arguments and recommends that the defendant's motion be granted in part and denied in part. (Doc. 31). Plaintiff filed timely objection to Magistrate Judge Saporito's R&R. This matter is now ripe for disposition. (Doc. 32).

**Legal Standard**

In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Absent objection to the report and recommendation, a district court should still "afford some level of review to dispositive legal issues raised by the report."

Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).The law describes this level of review as "reasoned consideration." Id. Absent a clear error on the face of the record or a manifest of injustice, we may adopt the recommendation by the magistrate judge. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes; see also 28 U.S.C. § 636(b)(1); Sullivan, 723 F.2d at 1085.

At issue is the defendant's motion to dismiss, or in the alternative, motion for summary judgment. When a motion to dismiss is filed for failure to state a claim upon which relief can be granted pursuant to Rule 16(b)(6) of the Federal Rules of Civil Procedure, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

Defendant asks us to also consider its motion for summary judgment. Granting summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat the otherwise properly supported motion for summary judgment; the requirement is that there be no genuine dispute of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable fact finder could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of

5

proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

Magistrate Judge Saporito reviewed the record in its entirety and recommends that plaintiff's assault and battery claims arising out of the intentional conduct of EMT Potter and EMT Barth as well as his negligence claim concerning the denial of medical care over a thirteen-day period between November 20, 2014 and December 3, 2014 be dismissed *sua sponte* for lack of subject matter jurisdiction. (Doc. 31). Magistrate Judge Saporito further recommends that the defendant's motion to dismiss, or in the alternative, motion for summary judgment be denied with respect to (1) plaintiff's assault and battery claims arising out of the intentional conduct of correctional officers Lt. Scott, Lt. Seeba, Officer Anderson, Officer Arnold, Officer Missigman, Officer Sullivan, and two unidentified officers on November 20, 2014, and (2) his unreasonable use of force claim arising from the application of excessively tight restraints. (Id.)

Magistrate Judge Saporito recommends that defendant's motion be granted with respect to plaintiff's claim for denial of immediate medical treatment.

In plaintiff's response to Magistrate Judge Saporito's R&R, entitled "Plaintiff Objection to the Magistrate Judge Report and Recommendation," plaintiff contests two of Magistrate Judge Saporito's findings: (1) plaintiff argues that he never filed a claim for denial of medical treatment; and (2) plaintiff argues that he never filed a claim against EMT Potter, and asserts that he "never claim[ed] that EMT Potter assaulted the plaintiff[.]"(Doc. 32). Although it appears that plaintiff agrees with the magistrate judge that some of his claims should be dismissed, we review all of plaintiff's claims in the order in which he asserts them in his complaint.

**I. Assault and Battery**

Plaintiff asserts three claims for assault and battery. First, plaintiff alleges that EMT Potter, Officer Anderson, Lt. Scott, and Lt. Seeba assaulted him at his cell door. Second, plaintiff alleges that Officer Arnold, Officer Missigman, and an unidentified officer assaulted him after being placed in restraints, during a standard two-hour restraint check. Third, plaintiff alleges that Lt. Seeba, Officer Sullivan, another unidentified officer, and EMT Barth assaulted him during a second two-hour restraint check.

Plaintiff has filed suit under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, which waives the government's sovereign immunity from tort suits, including those based on certain intentional torts committed by federal law enforcement officers. § 2680(h). Section 2680(h) creates this exception "with regard to acts or omissions of investigative or law enforcement officers of the United States Government," for any claim arising "out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." This exception is known as the "law enforcement proviso." Millbrook v. United States, 569 U.S. 50, 53 (2013).

We agree with Magistrate Saporito that while this provision explicitly waives sovereign immunity with respect to tort claims against the United States arising out of assaultive conduct by law enforcement officers, it *excludes* such claims arising out of the assaultive conduct of federal employees who are not investigative law enforcement officers.[2] Thus, intentional tort claims under the FTCA arising out of the conduct of non-law enforcement officers such as EMT

---

[2] The FTCA defines an "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h).

8

Potter and EMT Barth are barred by 28 U.S.C. § 2680(h). The assault and battery claims against EMT Potter[3] and EMT Barth will be dismissed *sua sponte.*[4]

We now analyze the assault and battery claims with respect to the remaining defendants: Officer Anderson, Lt. Scott, Lt. Seeba, Officer Arnold, Officer Missigman, two unidentified officers, and Officer Sullivan. It is well settled that the extent of the United States' liability under the FTCA is determined by reference to state law. Molzof v. United States, 502 U.S. 301, 305 (1992); see also 28 U.S.C. § 2674; Gould Elec. Inc. v. United States, 220 F.3d 169, 179 (3d Cir. 2000). Pennsylvania law defines assault as "an intentional attempt by force to do an injury to the person of another," and a battery as "committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa.1994); Cohen v. Lit Brothers, 70 A.2d 419, 421 (Pa. Super. Ct. 1950).

Defendant has asked us to review case law that recognizes the need for correctional officers to be afforded some leniency with regard to incidental and

---

[3] It should be noted that plaintiff appears to retract his claim against EMT Potter in his objections to Magistrate Judge Saporito's R&R, alleging that "nothing in [his] complaint accuse[s] EMT Potter of any assaultive behavior." (Doc. 32).
[4] We will dismiss the claims against EMT Potter and EMT Barth for lack of subject matter jurisdiction. See Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995) ("Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* . . .").

9

necessary touching of inmates in the performance of their duties. (Doc. 22, at 12). While we agree that some contact with inmates is necessary to protect and ensure the safety of all involved, the law also provides that the reasonableness of the touching and the reasonableness of the force used in relation to their employment duties is what determines whether particular conduct is considered an assault and battery. Tejada v. Dale, No. 14-CV-5604, 2015 WL 5729273, at *6 (E.D. Pa. Sept. 30, 2015) (citing Picariello v. Fenton, 491 F. Supp. 1026, 1038 (M.D. Pa. 1980)).

    Here, the defendant has proffered several testimonial declarations and documentary exhibits to support its position that the amount of force used against the plaintiff was reasonable and necessary under the circumstances. This evidence suggests that during the first alleged assault at plaintiff's cell door, it was plaintiff, not Officer Anderson, Lt. Scott, or Lt. Seeba, who was the aggressor. (Doc. 23-1, at 36).The evidence proffered also suggests that Officer Anderson, Lt. Scott, and Lt. Seeba used reasonable force to regain control over the plaintiff. (Id.) The declarations and documentary exhibits suggest that the alleged second and third assaults which took place during plaintiff's restraint checks did not occur. (Id. at 37-38). Rather, the evidence proffered by the defendant suggests that, aside from the plaintiff being noticeably agitated, these checks were uneventful. (Id.)

Plaintiff submitted his own evidence in the form of a sworn declaration to contradict the evidence proffered by the United States. (Doc. 24-2). Affidavits are an admissible form of evidence used to support factual positions during summary judgment. FED.R.CIV.P. 56(c). The Third Circuit has consistently said that a *pro se* inmate, like the plaintiff in this case, "is in a decidedly difficult position from which to generate record evidence" and that affidavits "are about the best that can be expected" at the summary judgment stage. Brooks v. Kyler, 204 F.3d 102, 108 n. 7 (3d Cir. 2000) (quoting Norman v. Taylor, 25 F.3d 1259, 1265 (4th Cir.1994) (Hall, J., dissenting) (internal punctuation omitted)); see also Smith v. Mensinger, 293 F.3d 641, 649 n. 4 (3d Cir. 2002).

We find that a genuine dispute of material facts exists concerning plaintiff's claims for assault and battery, and that a reasonable fact finder could disagree on the events that took place. Thus, summary judgment is not appropriate at this stage for the assault and battery claims against Officer Anderson, Lt. Scott, Lt. Seeba, Officer Arnold, Officer Missigman, two unidentified officers, and Officer Sullivan.

**II. Use of Force**

In addition to plaintiff's claims for assault and battery against the abovementioned individuals, plaintiff claims that unidentified correctional officers used excessive force when they placed him in restraints for a period of twenty-

seven hours. Plaintiff further alleges that medical personnel who were present at the scene failed to direct the correctional officers to loosen the restraints.

We use the same reasoning that we applied in analyzing the assault and battery claims when analyzing defendant's motion with respect to this claim. Similar to the analysis of whether contact constitutes assault and battery, the placement of restraints on an inmate is privileged if that conduct was reasonably necessary under the circumstances. Pircariello v. Fenton, 491 F. Supp. 1026, 1038 (M.D. Pa. 1980).

Again, the defendant proffered several testimonial declarations and documentary exhibits to support its position that the amount of forced used against the plaintiff was reasonable and necessary under the circumstances. This evidence suggests that because plaintiff was agitated and uncooperative, officers concluded that plaintiff should remain in restraints. (See Doc. 23-1, at 42). The evidence does not suggest that the restraints were excessively tight. Plaintiff's sworn affidavit, however, contradicts the evidence proffered by the defendant.

Because a genuine dispute of material facts exists concerning plaintiff's claim for use of force, we believe that a reasonable fact finder could disagree on the events that took place. We will deny defendant's motion with regard to this claim.

**III. Denial of Immediate Medical Care**

Plaintiff has asserted a negligence claim against the United States alleging that he was denied immediate medical treatment after the original incident at his cell door on November 20, 2014. He claims that he "had knots and cuts over [his] forearm and blood running down." (Doc. 1). Plaintiff claims that instead of receiving medical attention for these wounds, he was placed in ambulatory restraints.

Defendant has proffered testimonial declarations and documentary evidence demonstrating that, immediately following the cell extraction and placement in ambulatory restraints, plaintiff was medically assessed by EMT Barth. (Doc. 23-1,86-87, 89, 130). Other than some redness to the right forearm, no trauma or injuries were noted. (Id. at 87, 130). Plaintiff contradicts this evidence in his sword declaration. (Doc. 24-2, at 2).

While there appears to be a genuine dispute of material facts, this claim is different from the previous claims in a critical way. Unlike the assault and battery issues and the use of force issue, in this instance defendant presents video evidence of the incident from a handheld video recorder.

Magistrate Judge Saporito reviewed this video evidence and found that the footage clearly depicted plaintiff's arms immediately after the original incident at his cell door. (Doc. 31, at 25-26).The magistrate judge noted that there was no

13

sign of cuts on plaintiff's arm, nor was there blood running down. Plaintiff did not object to Magistrate Judge Saporito's findings on this point.[5] After reviewing the R&R on this point with reasoned consideration, we find no clear error by the magistrate judge or a manifest of injustice.

Although a court must generally take all facts in the light most favorable to the non-moving party when disposing of a summary judgment motion, there is an exception to this rule where the nonmovant's version of the events are "blatantly contradicted" by the summary judgment record. Scott v. Harris, 550 U.S. 372, 380 (2007). Video footage has been found to establish this exception when the footage is clear and not susceptible to multiple reasonable interpretations. Blaylock v. City of Philadelphia, 504 F.3d 405, 414 (3d Cir. 2007).

We reviewed the video evidence submitted by the government and agree with Magistrate Judge Saporito that the footage depicts plaintiff's arms rather clearly. The video shows plaintiff being disrobed by the use of force team and then re-dressed in paper clothing. At no point does plaintiff show any sign of bleeding nor is there evidence of contusions on his arms. Additionally, the video depicts a paramedic conducting a full body assessment once plaintiff is in ambulatory restraints. The paramedic examines plaintiff's arms and also does not find any evidence of blood, cuts, or contusions. Because plaintiff's version of

---

[5] Plaintiff asserts in his objection that his original complaint "never was filed for denial of medical treatment." (Doc. 32).

events blatantly contradicts the summary judgment record, we will grant summary judgment to the defendants with respect to this claim.

**IV. Denial of Medical care from November 20, 2014 – December 3, 2014**

Finally, plaintiff alleges that the defendants denied him medical treatment over a period of thirteen days for the injuries he claims to have suffered as a result of being subjected to excessively tight restraints for that twenty-seven hour period starting on November 20, 2014. This claim, however, was never addressed with the prison administration prior to the plaintiff filing suit.

A plaintiff cannot institute an FTCA suit until he or she presents the claim to a federal agency and receives a final decision on the claim. 28 U.S.C. § 2675(a); see McNeil v. United States, 508 U.S. 106, 112 (1993). If the agency does not act within six months, the failure to issue a decision may be treated as a final decision by the claimant. Id. The FTCA exhaustion requirement "is jurisdictional and cannot be waived." Rosario v. American Export-Isbrandtsen Lines, Inc., 531 F.2d 1227, 1231 (3d Cir. 1976). A claimant's failure to present his FTCA claim to the appropriate agency "compels the conclusion that a district court lacks subject matter jurisdiction over the claim." White-Squire v. U.S. Postal Service, 592 F.3d 453, 458 (3d Cir. 2010).

Magistrate Judge Saporito found that plaintiff failed to exhaust his administrative remedies with respect to this claim prior to filing suit. (Doc. 31, at

15

16). Plaintiff does not contest this finding in his objection, nor does he present the court with any evidence of exhaustion. (Doc. 32). Thus, we agree with Magistrate Judge Saporito that because plaintiff failed to exhaust his administrative remedies, we do not have subject matter jurisdiction over this claim.

Accordingly, we will dismiss plaintiff's FTCA claim concerning the denial of medical care over a thirteen-day period between November 20, 2014 and December 3, 2014.

**Conclusion**

For the foregoing reasons, we will overrule plaintiff's objection and adopt Magistrate Judge Saporito's R&R. Plaintiff's assault and battery claims arising from the intentional conduct of EMT Potter and EMT Barth as well as plaintiff's negligence claim concerning the denial of medical care between November 20, 2014 and December 3, 2014 will be dismissed *sua sponte* for lack of subject matter jurisdiction. Defendant's motion for summary judgment will be granted with respect to plaintiff's negligence claim concerning the denial of immediate medical care for injuries suffered during the incident at his cell door on November 20, 2014. Defendant's motion for summary judgment will be denied with respect to plaintiff's assault and battery claims arising from the intentional conduct of correctional officers Lt. Scott, Lt. Seeba, Officer Anderson, Officer Arnold, Officer Missigman, Officer Sullivan, and two unidentified officers on November 20, 2014

and his use of force claim arising from the application of excessively tight restraints. Magistrate Judge Saporito recommends that the case be set for trial. We find that trial is premature at this point. The R&R deals with a motion to dismiss, or in the alternative, a motion for summary judgment. The defendants filed this motion very early in the case, possibly before any discovery was exchanged between the parties. Accordingly, we will remand this case back to the magistrate judge to provide the parties an opportunity to engage in discovery after which the parties should be granted the opportunity to file any additional dispositive motions if they are fitting. An appropriate order follows.

**Date: September 27, 2017**       **s/ James M. Munley**
                                   **JUDGE JAMES M. MUNLEY**
                                   **United States District Court**