DJF:SSD

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY MONEYHAM, | : | CIVIL NO.  3:16-CV-1172 |
| Plaintiff | : | |
| | : | (Munley, J.) |
| v. | : | (Saporito, M.J.) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | Filed Electronically |

## TRIAL BRIEF OF UNITED STATES OF AMERICA

In accordance with this Court's May 24, 2019 Order (Doc. 64) and M.D. Pa. Local Rule 39.7, the United States of America submits its trial brief in advance of the Federal Tort Claims Act (FTCA) trial scheduled for August 26, 2019 in the above-captioned matter.

## A.   Summary of Contentions and Evidence

Plaintiff Anthony Moneyham is an inmate formerly incarcerated at the United States Penitentiary – Lewisburg.  Moneyham brings three claims to trial.  First, Moneyham alleges that BOP staff assaulted and battered his arm through his cell door food slot on November 20, 2014.  Docs. 1 and 33-34.  Second, Moneyham claims that BOP staff attacked him twice on November 20, 2014 while he was in ambulatory restraints.  Id.  Finally, Moneyham claims that he was subjected to excessive force because BOP staff applied unreasonably tight ambulatory restraints

over a twenty-seven hour period.  Id.

The United States advances a different version of events.  On November 20, 2014, during a blood draw, phlebotomist Kimberly Lindsey noticed that Moneyham was masturbating and ignored her orders to cease.  Moneyham then grabbed Lindsey's breast.  When another BOP officer attempted to intervene, Moneyham grabbed the officer's arm and attempted to pull it into Moneyham's cell.  Other responding BOP staff members then used rapid rotation baton techniques (on Moneyham's right arm) in order to get Moneyham to release the officer's arm. Moneyham was disciplined for this incident.  Moneyham's disciplinary record shows this was not the first time he masturbated in front of female BOP staff.

As result of Moneyham's disruptive behavior and assault on two BOP staff officers, the USP Lewisburg warden authorized the use of ambulatory restraints. Moneyham was non-cooperative, and resisted attempts by BOP staff to apply a martin chain around his abdomen appropriately.  After the restraints were applied, BOP correctional staff and health services staff checked the restraints to ensure they had been applied properly, and that Moneyham had good circulation, his breathing was adequate, and he had not sustained any injuries during the application of the restraints.  The United States denies that ambulatory restraints were placed on Moneyham in an exceptionally tight fashion.

The United States also denies that BOP staff assaulted Moneyham during the

2

time he was in ambulatory restraints on November 20-21, 2014.  The BOP records document the 15-minute restraint checks, 2-hour lieutenant restraint checks, and 4-hour health services restraint checks, along with 24-hour restraint reviews from the warden and psychology services.  None of the restraint checks or records support Moneyham's claim that he was assaulted while in restraints or that the restraints were excessively tight.

Moneyham seeks $45,000 in damages, which the United States disputes. Moneyham bears the burden of establishing damages, but has no expert to testify as to the causation or extent of his alleged injuries.

**B.**      **<u>Summary of Legal Issues</u>**

1.      Whether the force used against Moneyham at his cell door by BOP staff on November 20, 2014 was consistent with law enforcement's privileged use of force?  *See Picariello v. Fenton*, 491 F. Supp. 1026, 1038 (M.D. Pa. 1980) (correctional officers are privileged to use force which is reasonable under the circumstances to maintain control of inmates); *see also* Doc. 47 at 16-22 (proposed conclusions of law submitted by the United States); *see also* USA Trial Ex. 1, BOP Program Statement 5566.06, Use of Force and Application of Restraints.

2.      Whether Moneyham was assaulted/battered by BOP staff on two occasions while he was in ambulatory restraints on November 20, 2014?

3.      Whether BOP staff applied ambulatory restraints to Moneyham on

November 20, 2014, in such an excessively tight manner as to constitute an excessive use of force? *Id.; see also Picariello*, 491 F. Supp. at 1038-39 ("The placement of restraints on an inmate . . . would be privileged if that conduct was reasonably necessary in the circumstances.").

## C.   <u>Updated Witness List</u>

United States intends to call the following individuals as witnesses:

**Kimberly Lindsey**—USP Lewisburg medical staff phlebotomist.  Expected testimony topics include Moneyham's masturbation and assault of Lindsey, and Moneyham's medical records.

**Charles Anderson**—USP Lewisburg senior officer specialist.  Expected testimony topics include Moneyham's assault of Anderson, the immediate use of force (rapid rotation baton), the checks of ambulatory restraints, and application and manipulation of ambulatory restraints.

**Matthew Barth**—USP Lewisburg medical staff emergency medical technician (EMT).  Expected testimony topics include the Moneyham's medical records, medical assessments of Moneyham, medical checks of ambulatory restraints, application and manipulation of ambulatory restraints, Moneyham's alleged injuries, and the alleged attack during the lieutenant restraint check.

**Nathan Arnold**—USP Lewisburg correctional officer.  Expected testimony topics include the checks of ambulatory restraints, application and manipulation of ambulatory restraints, and the alleged attack during the lieutenant restraint check.

**James Fosnot**—USP Lewisburg Special Investigative Agent.  Expected testimony topics include USP Lewisburg Special Management Unit, BOP records relating to Moneyham and the incident, Moneyham's disciplinary record, and the use of force and the application and manipulation of restraints.

**Dr. Kevin Pigos**—USP Lewisburg medical staff physician and clinical director.  Expected testimony topics include Moneyham's medical records,

application and manipulation of ambulatory restraints, medical checks of ambulatory restraints, and alleged injuries.

**Leonard Potter**— USP Lewisburg paramedic.  Expected testimony topics include Moneyham's masturbation and assault of Lindsey, the alleged injuries, application and manipulation of restraints, and Moneyham's medical records.

**Alfred Scott**—USP Lewisburg Lieutenant. Expected testimony topics include the immediate use of force (rapid rotation baton), lieutenant restraint checks, application and manipulation of restraints, and the alleged attack during the lieutenant restraint check.

**Brian White**—USP Lewisburg Lieutenant.  Expected testimony topics include the calculated use of force (ambulatory restraints), and application and manipulation of restraints.

**Benjamin Missigman**—USP Lewisburg Senior Officer.  Expected testimony topics include the alleged attack during the lieutenant restraint check.

**BOP Custodian of Records**, as needed to authenticate/admit evidence

The United States reserves the right to call any necessary rebuttal witnesses and to call any of the witnesses listed by Moneyham.

## D.    <u>Exhibit List</u>

The United States' exhibit list was filed on November 1, 2018 as part of its pretrial memorandum (Doc. 46), and is attached here as Exhibit A.  The United States requests that Moneyham agree to the admissibility and authenticity of the United States' exhibits, which will expedite the trial.

**E.**     **<u>Proposed Findings of Fact and Conclusions of law</u>**

In accordance with M.D. Pa. Local Rule 48.2, the United States' proposed findings of fact and conclusions of law were filed on November 1, 2018 (Doc. 47) along with its pretrial memorandum, and are attached here as Exhibit B.

Dated: July 24, 2019                     Respectfully submitted,

                                         DAVID J. FREED
                                         United States Attorney

                                         <u>s/ Samuel S. Dalke</u>
                                         Samuel S. Dalke
                                         Assistant U.S. Attorney
                                         Atty. I.D. 311803
                                         228 Walnut Street
                                         Harrisburg, PA 17101
                                         Phone:  717-221-4482
                                         Fax:  717-221-4493
                                         Samuel.S.Dalke@usdoj.gov

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY MONEYHAM,** | : | **CIVIL NO.  3:16-CV-1172** |
| **Plaintiff** | : | |
| | : | **(Munley, J.)** |
| **v.** | : | **(Saporito, M.J.)** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | **Filed Electronically** |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.  That on July 25, 2019, she served a copy of the attached

## TRIAL BRIEF OF UNITED STATES OF AMERICA

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:
Anthony Moneyham
8017 South Ingleside Avenue
Chicago, IL 60619

s/ Cristina M. Guthrie
Cristina M. Guthrie
Paralegal Specialist